NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-5427 |
| Plaintiff - Appellee, | D.C. No. 2:21-cr-00279-CDS-EJY-1 |
| v. | |
| KENNETH SMITH, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Submitted March 16, 2026[**]

Before:     SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Kenneth Smith, Jr. appeals pro se from the district court's order denying his

request to disqualify the probation officer assigned to his case. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Smith first contends that the district court violated his due process rights

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

when it modified his conditions of supervised release. Assuming without deciding that Smith can raise this argument in these proceedings, any challenge to the modifications, which were in effect for only 60 days, is now moot. *See United States v. Yepez*, 108 F.4th 1093, 1099 (9th Cir. 2024) (an issue is moot if the court cannot grant any effective relief).

Smith next contends the district court erred in denying his request to assign him a new probation officer. As the district court found, however, none of the authorities cited by Smith gives the court authority to order the probation office to assign or disqualify an individual officer from overseeing a particular supervisee. To the extent 18 U.S.C. § 3602(a) provides that authority, which we do not decide, the court did not err in concluding that Smith's "self-created conflict" with his probation officer did not justify court-ordered reassignment.

**AFFIRMED.**